JS 44C/SDNY
REV. 1/2008

**JUDGE CASTEL** CIVIL COVER SHEET

**10 CIV 3133**

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for use of the Clerk of Court for the purpose of initiating the civil docket sheet.

| PLAINTIFFS | DEFENDANTS |
|---|---|
| Charles Milo | Barneys New York, Inc. |

APR 1 3 2010

| ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER) | ATTORNEYS (IF KNOWN) |
|---|---|
| Bromberg Law Office, P.C., 40 Exchange Place, Suite 2010, New York, NY 10005, (212) 248-7906 | |

CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE)
(DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

Violations of 15 U.S.C. Sec. 1601 et seq.

Has this or a similar case been previously filed in SDNY at any time? No? [✓] Yes? [ ]   Judge Previously Assigned

If yes, was this case Vol.[ ] Invol. [ ] Dismissed. No[ ] Yes [ ] If yes, give date _____ & Case No. _____

*(PLACE AN [x] IN ONE BOX ONLY)*   NATURE OF SUIT

ACTIONS UNDER STATUTES

**TORTS**

**CONTRACT**

[ ] 110 INSURANCE
[ ] 120 MARINE
[ ] 130 MILLER ACT
[ ] 140 NEGOTIABLE INSTRUMENT
[ ] 150 RECOVERY OF OVERPAYMENT & ENFORCEMENT OF JUDGMENT
[ ] 151 MEDICARE ACT
[ ] 152 RECOVERY OF DEFAULTED STUDENT LOANS (EXCL VETERANS)
[ ] 153 RECOVERY OF OVERPAYMENT OF VETERAN'S BENEFITS
[ ] 160 STOCKHOLDERS SUITS
[ ] 190 OTHER CONTRACT
[ ] 195 CONTRACT PRODUCT LIABILITY
[ ] 196 FRANCHISE

**PERSONAL INJURY**

[ ] 310 AIRPLANE
[ ] 315 AIRPLANE PRODUCT LIABILITY
[ ] 320 ASSAULT, LIBEL & SLANDER
[ ] 330 FEDERAL EMPLOYERS' LIABILITY
[ ] 340 MARINE
[ ] 345 MARINE PRODUCT LIABILITY
[ ] 350 MOTOR VEHICLE
[ ] 355 MOTOR VEHICLE PRODUCT LIABILITY
[ ] 360 OTHER PERSONAL INJURY

**PERSONAL INJURY**

[ ] 362 PERSONAL INJURY - MED MALPRACTICE
[ ] 365 PERSONAL INJURY PRODUCT LIABILITY
[ ] 368 ASBESTOS PERSONAL INJURY PRODUCT LIABILITY

**PERSONAL PROPERTY**

[ ] 370 OTHER FRAUD
[ ] 371 TRUTH IN LENDING
[ ] 380 OTHER PERSONAL PROPERTY DAMAGE
[ ] 385 PROPERTY DAMAGE PRODUCT LIABILITY

**FORFEITURE/PENALTY**

[ ] 610 AGRICULTURE
[ ] 620 OTHER FOOD & DRUG
[ ] 625 DRUG RELATED SEIZURE OF PROPERTY 21 USC 881
[ ] 630 LIQUOR LAWS
[ ] 640 RR & TRUCK
[ ] 650 AIRLINE REGS
[ ] 660 OCCUPATIONAL SAFETY/HEALTH
[ ] 690 OTHER

**BANKRUPTCY**

[ ] 422 APPEAL 28 USC 158
[ ] 423 WITHDRAWAL 28 USC 157

**PROPERTY RIGHTS**

[ ] 820 COPYRIGHTS
[ ] 830 PATENT
[ ] 840 TRADEMARK

**SOCIAL SECURITY**

[ ] 861 HIA (1395ff)
[ ] 862 BLACK LUNG (923)
[ ] 863 DIWC/DIWW (405(g))
[ ] 864 SSID TITLE XVI
[ ] 865 RSI (405(g))

**LABOR**

[ ] 710 FAIR LABOR STANDARDS ACT
[ ] 720 LABOR/MGMT RELATIONS
[ ] 730 LABOR/MGMT REPORTING & DISCLOSURE ACT
[ ] 740 RAILWAY LABOR ACT
[ ] 790 OTHER LABOR LITIGATION
[ ] 791 EMPL RET INC SECURITY ACT

**FEDERAL TAX SUITS**

[ ] 870 TAXES (U.S. Plaintiff or Defendant)
[ ] 871 IRS-THIRD PARTY 26 USC 7609

**OTHER STATUTES**

[ ] 400 STATE REAPPORTIONMENT
[ ] 410 ANTITRUST
[ ] 430 BANKS & BANKING
[ ] 450 COMMERCE
[ ] 460 DEPORTATION
[ ] 470 RACKETEER INFLUENCED & CORRUPT ORGANIZATION ACT (RICO)
[X] 460 CONSUMER CREDIT
[ ] 490 CABLE/SATELLITE TV
[ ] 810 SELECTIVE SERVICE
[ ] 850 SECURITIES/ COMMODITIES/ EXCHANGE
[ ] 875 CUSTOMER CHALLENGE 12 USC 3410
[ ] 890 OTHER STATUTORY ACTIONS
[ ] 891 AGRICULTURAL ACTS
[ ] 892 ECONOMIC STABILIZATION ACT
[ ] 893 ENVIRONMENTAL MATTERS
[ ] 894 ENERGY ALLOCATION ACT
[ ] 895 FREEDOM OF INFORMATION ACT
[ ] 900 APPEAL OF FEE DETERMINATION UNDER EQUAL ACCESS TO JUSTICE
[ ] 950 CONSTITUTIONALITY OF STATE STATUTES

**REAL PROPERTY**

[ ] 210 LAND CONDEMNATION
[ ] 220 FORECLOSURE
[ ] 230 RENT LEASE & EJECTMENT
[ ] 240 TORTS TO LAND
[ ] 245 TORT PRODUCT LIABILITY
[ ] 290 ALL OTHER REAL PROPERTY

**ACTIONS UNDER STATUTES**

**CIVIL RIGHTS**

[ ] 441 VOTING
[ ] 442 EMPLOYMENT
[ ] 443 HOUSING/ ACCOMMODATIONS
[ ] 444 WELFARE
[ ] 445 AMERICANS WITH DISABILITIES - EMPLOYMENT
[ ] 446 AMERICANS WITH DISABILITIES -OTHER
[ ] 440 OTHER CIVIL RIGHTS

**PRISONER PETITIONS**

[ ] 510 MOTIONS TO VACATE SENTENCE 20 USC 2255
[ ] 530 HABEAS CORPUS
[ ] 535 DEATH PENALTY
[ ] 540 MANDAMUS & OTHER
[ ] 550 CIVIL RIGHTS
[ ] 555 PRISON CONDITION

**IMMIGRATION**

[ ] 462 NATURALIZATION APPLICATION
[ ] 463 HABEAS CORPUS- ALIEN DETAINEE
[ ] 465 OTHER IMMIGRATION ACTIONS

*Check if demanded in complaint:*

[X] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $_____ OTHER _____

*Check YES only if demanded in complaint*
JURY DEMAND: [✓] YES [ ] NO

DO YOU CLAIM THIS CASE IS RELATED TO A CIVIL CASE NOW PENDING IN S.D.N.Y.? IF SO, STATE:

JUDGE _____ DOCKET NUMBER _____

NOTE:  Please submit at the time of filing an explanation of why cases are deemed related.

---

(PLACE AN  x  IN ONE BOX ONLY)                                    **ORIGIN**

☑ 1 Original      ☐ 2a. Removed from    ☐ 3 Remanded from    ☐ 4 Reinstated or    ☐ 5 Transferred from    ☐ 6 Multidistrict      ☐ 7 Appeal to District
     Proceeding         State Court           Appellate Court        Reopened         (Specify District)         Litigation               Judge from
                   ☐ 2b. Removed from                                                                 Magistrate Judge
                       State Court AND                                                              Judgment
                       at least one
                       party is pro se.

---

(PLACE AN  x  IN ONE BOX ONLY)          **BASIS OF JURISDICTION**                    ***IF DIVERSITY, INDICATE***
                                                                           ***CITIZENSHIP BELOW.***
☐ 1 U.S. PLAINTIFF    ☐ 2 U.S. DEFENDANT    ☑ 3 FEDERAL QUESTION    ☐ 4 DIVERSITY          ***(28 USC 1322, 1441)***
                                               (U.S. NOT A PARTY)

---

### CITIZENSHIP OF PRINCIPAL PARTIES (FOR DIVERSITY CASES ONLY)

(Place an [X] in one box for Plaintiff and one box for Defendant)

| | PTF | DEF | | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|---|---|---|
| CITIZEN OF THIS STATE | [ ] 1 | [ ] 1 | CITIZEN OR SUBJECT OF A FOREIGN COUNTRY | [ ] 3 | [ ] 3 | INCORPORATED <u>and</u> PRINCIPAL PLACE OF BUSINESS IN ANOTHER STATE | [ ] 5 | [ ] 5 |
| CITIZEN OF ANOTHER STATE | [ ] 2 | [ ] 2 | INCORPORATED <u>or</u> PRINCIPAL PLACE OF BUSINESS IN THIS STATE | [ ] 4 | [ ] 4 | FOREIGN NATION | [ ] 6 | [ ] 6 |

---

PLAINTIFF(S) ADDRESS(ES) AND COUNTY(IES)

Charles Milo
327 Central Park West
New York, New York 10025

---

DEFENDANT(S) ADDRESS(ES) AND COUNTY(IES)

Barneys New York, Inc.
575 Fifth Avenue
11th Floor
New York, New York 10017-2422

---

DEFENDANT(S) ADDRESS UNKNOWN
    REPRESENTATION IS HEREBY MADE THAT, AT THIS TIME, I HAVE BEEN UNABLE, WITH REASONABLE DILIGENCE, TO ASCERTAIN THE
RESIDENCE ADDRESSES OF THE FOLLOWING DEFENDANTS:

---

Check one:    THIS ACTION SHOULD BE ASSIGNED TO:    ☐ **WHITE PLAINS**    ☑ **MANHATTAN**
                (DO NOT check either box if this a PRISONER PETITION.)

---

DATE 4/13/2010    SIGNATURE OF ATTORNEY OF RECORD       ADMITTED TO PRACTICE IN THIS DISTRICT
                                                 [ ] NO
RECEIPT #                                         [x] YES (DATE ADMITTED Mo. 5   Yr. 1992 )
                                                 Attorney Bar Code # BB6264

Magistrate Judge is to be designated by the Clerk of the Court.

Magistrate Judge _____ is so Designated.

J. Michael McMahon, Clerk of Court by _____ Deputy Clerk, DATED _____ .

---

UNITED STATES DISTRICT COURT (NEW YORK SOUTHERN)

JUDGE CASTEL

10 CIV 3133

RECEIVED
APR 13 2010
U.S.D.C. S.D.N.Y.
CASHIERS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------x
CHARLES MILO,                                   )
individually and on behalf of                   )
all others similarly situated,                  )
                                                )
                          Plaintiff,            )          No.
                                                )
   - against -                                  )          CLASS ACTION
                                                )
BARNEYS NEW YORK, INC.                          )          JURY DEMANDED
                                                )
                                                )
                          Defendant.            )
--------------------------------------------------x

## COMPLAINT

1.     This action seeks redress for the illegal practices of Defendant Barneys

New York, Inc. (the "Issuer"), also known as Barneys, including providing

incomplete or improper disclosures to its customers in violation of the Truth in

Lending Act ("TILA").

2.     TILA's purpose is to assure meaningful disclosure of credit terms in

order to (i) allow consumers to compare more readily the various credit terms

available; (ii) enable consumers to avoid the uninformed use of credit; and (iii)

protect consumers against inaccurate and unfair billing practices.  15 U.S.C. §

1601(a).  As alleged in greater detail below, the Issuer failed to make certain

1

disclosures on statements it provided to customers.  The Issuer's conduct violates the express provisions of the TILA and the applicable Regulations.

3.     Under the private enforcement provisions of TILA, plaintiff and the Class seek the recovery of statutory damages of up to $500,000 with respect to each of the Issuer's failures to comply.


## JURISDICTION AND VENUE

4.     This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1337, as well as under 15 U.S.C. § 1640(e), because this action arises under the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq.*

5.     Venue is proper because the acts and transactions that give rise to this action occurred, in substantial part, in this District.  Venue is also proper in this district because the Issuer transacts business in this district and the interests of justice require maintenance of this action in this district.

## PARTIES

6.     Plaintiff Charles Milo resides in New York, New York, which is within this district.

7.     Milo is a "consumer," as that term is defined by § 1602(h) of TILA, because this complaint arises from the Issuer's offer and extension of credit to Milo, a credit card holder, for personal, family or household purposes.

8.      Upon information and belief, the Issuer is a corporation doing business in the State of New York and throughout the United States, with a principal place of business in New York.

9.      The Issuer is a "creditor," as that term is defined by § 1602(f) of TILA and Federal Reserve Board Regulation Z ("Regulation Z"), 12 C.F.R. § 226.2(a)(17), because at all relevant times, the Issuer, in the ordinary course of its business, regularly – *i.e.*, more than 25 times a year – extended or offered to extend consumer credit for which a finance charge is or may be imposed, which is payable in more than 4 installments.

## FACTUAL ALLEGATIONS

10.     Milo is the holder of a Barneys credit account issued by the Issuer in September of 2009.

11.     Milo received a Barneys credit application in September of 2009, a photocopy of which is attached as Exhibit A.

12.     All class members herein, as defined below, used or use a Barneys account originally issued by the Issuer.

## CLASS ALLEGATIONS

13.     Milo brings this action individually and on behalf of all persons similarly situated.

14.     The proposed class consists of all persons who, according to the Issuer's records, opened a Barneys account and used that account after being provided with

3

application materials within one year before the filing of this action that, as described below, did not conform to TILA requirements.

15.     Specifically excluded from this class are the Issuer, any entity in which the Issuer has a controlling interest, and the officers, directors, affiliates, legal representatives, heirs, successors, subsidiaries or assigns of any such individual or entity.

16.     The members of the class for whose benefit this action is brought is so numerous that joinder of all Class members is not practicable.  In light of the thousands of credit cards issued by the Issuer every year, the number of class members is believed to exceed 5,000 persons.

17.     Milo's claims are typical of, if not identical to, all members of the class and Milo does not have any interest that is adverse or antagonistic to the interests of the class.  If the conduct of the Issuer violates TILA as applied to Milo, then it violates TILA with respect to the entire class.

18.     Milo will fairly and adequately protect the interests of the class as he is committed to the vigorous prosecution of this action and, to that end, has retained competent counsel experienced in complex litigation of this nature.

19.     The class is proper for certification under Rule 23(b)(2) of the Federal Rules of Civil Procedure.  The Defendant's actions complained of herein are generally applicable to all Class members, thereby making final injunctive relief appropriate with respect to the class as a whole.

4

20.     The class is also proper for certification under Federal Rule of Civil Procedure 23(b)(3).  A class action is superior to other available methods for the fair and efficient adjudication of the claims asserted herein.  Because damages suffered by individual class members may be relatively small, the expense and burden of individual litigation make it impracticable for the class to seek redress individually for the wrongs they have suffered.  Members of the class do not have a particular interest in individually controlling the prosecution of separate actions.

21.     There are questions of law and fact which are common to the members of the class and which predominate over questions affecting only individual members.  Common questions of law and fact include, but are not limited to, whether the Issuer has a standardized procedure by which it fails to clearly and conspicuously disclose its terms and the customers' cost of credit as required by TILA and Regulation Z.

22.     Upon information and belief, the Class consists of thousands of customers.

23.     Thus, a class action is an appropriate and superior method for the fair and efficient adjudication of the present controversy given the following factors:

  a) Common questions of law and/or fact predominate over any individual questions which may arise and, accordingly, there would accrue enormous savings to both the Court and the Class in litigating the common issues on a class-wide instead of a repetitive individual basis; and

  b) The aggregate volume of the individual class members' claims, coupled with the economies of scale inherent in litigating similar claims on a common basis, will enable this case to be litigated as a

class action on a cost-effective basis, especially when compared with repetitive individual litigation.

24.     Class certification is also fair and efficient because prosecution of separate actions by individual Class members would create a risk of differing adjudications with respect to such individual members of the Class, which as a practical matter may be dispositive of the interests of other members not parties to the adjudication, or substantially impede their ability to protect their interests. Moreover, since the actual monetary damages suffered by, or statutory damages available to, individual Class members may be relatively small, although significant in the aggregate, the expenses and burdens of individual litigation make it impossible or effectively impossible for the members of the Class to seek individual redress for the TILA violations committed by Defendants.

25.     Plaintiff anticipates that there will be no difficulty in the management of this litigation.  The records of the individuals encompassed within the Class are in Defendant's possession.

## COUNT I

## Violations of the Truth in Lending Act

26.     Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs with the same force and effect as though fully set forth herein.

27.     Congress authorized the Federal Reserve Board ("FRB") to promulgate regulations granting it broad authority to effectuate the purposes of TILA. 15 U.S.C. § 1604(a).

28.    The set of regulations that the FRB has promulgated to implement TILA is known as Regulation Z.  12 C.F.R. §226.1 *et seq.* (2009). Amendments to Regulation Z have been in effect since February 22, 2010, but the changes do not affect Issuer's liability here.

29.    TILA generally requires Issuer to provide, within applications "made available to the public" either (i) specific information, including the disclosures of certain key credit terms within a tabular format as set forth in §1632(c), such as annual percentage rates, grace period and balance computation method; (ii) alternative specific information, including, among other disclosures, those required by paragraphs (1) through (6) of §1637(a); or (iii) general information that there are costs associated with the use of credit cards and that the applicant may contact the creditor at a certain toll-free telephone number or mailing address to request disclosure of those specific costs. 15 U.S.C. §1637(c)(3).

30.    TILA also provides that the FRB "may, by regulation, require the disclosure of information in addition to that otherwise required by this subsection or subsection (d) of this section, in any application to open a credit card account . . . if the Board determines that such action is necessary to carry out the purposes, or prevent evasions of, any paragraph of this subsection," 15 U.S.C. § 1637(c)(5).

31.    Accordingly, the FRB similarly requires that on applications made available to the general public, creditors make one of three sets of disclosures to applicants. See 12 C.F.R § 226.5a(e).

32.    Issuer provided Plaintiff an application using the set of disclosures specified by 12 C.F.R. § 226.5a(e)(1), which calls for listing certain key terms of the credit account in the manner described by § 226.5a(b).

33.    The FRB requires those key credit terms to be disclosed "clearly and conspicuously," 12 C.F.R. § 226.5(a)(1), and in a tabular format substantially similar to any of the model tables which appear in an appendix to the Regulations. See 12 C.F.R. § 226.5a(a)(2); 12 C.F.R. App. G to Part 226.

34.    The FRB requires Issuer's standard annual percentage rate for purchases, when disclosed under § 226.5a(b), to be in at least 18-point type in order to be considered "conspicuous." See 12 C.F.R. §§ 226.5a(b)(1), 226.5(a)(2) n. 9.

35.    Issuer, however, in making its disclosures under § 226.5a(b), provided Plaintiff with an annual percentage rate that was in significantly smaller type, thus making a deficient application-related disclosure in violation of 15 U.S.C. § 1637(c).


36.    TILA provides for a creditor's civil liability for the violation of 15 U.S.C. § 1637(c) to those cardholders who either used or paid a fee for the credit card at issue. See 15 U.S.C. §1640(a).

37.    In accordance with TILA's civil liability provision, Plaintiff and the Class are entitled to recover up to $500,000 in statutory damages, together with costs and reasonable attorney fees, for each of the Issuer's violations of TILA, as alleged above.

**WHEREFORE**, Plaintiff Charles Milo prays on his behalf and on behalf of the Class that judgment be entered against Defendant as follows:

(1)     An order certifying the proposed Class under Federal Rule of Civil Procedure 23(b)(2) and, additionally or in the alternative, an order certifying the Class under Federal Rule of Civil Procedure 23(b)(3);

(2)     A declaration that the Issuer's systematic and standard policy of failing to fully disclose to its customers their billing rights violates the Truth in Lending Act;

(3)     An injunction permanently prohibiting the Issuer from engaging in the conduct described;

(4)     Maximum statutory damages as provided under 15 U.S.C. § 1640(a)(2);

(5)     Attorney fees, litigation expenses, and costs; and

(6)     Such other and further relief as to this Court may seem just and proper.

### *Jury Demand*

Plaintiff respectfully requests a trial by jury.

Dated: New York, New York
       April 13, 2010

                                        Respectfully Submitted,

                              By:       Brian L. Bromberg

Attorneys for Plaintiff

Brian L. Bromberg
Bromberg Law Office, P.C.
40 Exchange Place, Suite 2010
New York, NY 10005
(212) 248-7906

Harley J. Schnall
Law Office of Harley J. Schnall
711 West End Ave
New York, NY 10025
(212) 678-6546

# Exhibit A

# B A R N E Y S
# N E W Y O R K
# CREDIT
# APPLICATION

Type of Account: *(Please check one)*

☐  INDIVIDUAL - Only your credit worthiness will be considered.

☐  JOINT - If this is an application for a joint account, your credit
worthiness and that of your Joint applicant will be considered.
After credit approval each applicant shall have the right to use
this account and each applicant may be liable for all amounts or
credit extended under this account to any Joint Applicant.

| Name | First | M.I. | Last |
|------|-------|------|------|

Street

| City | State | Zip Code |
|------|-------|----------|

Previous Address (If current is less than two years)

| Home Telephone | Business Telephone |
|----------------|--------------------|
| (        ) | (        ) |

Employer

| Social Security No. | Date of Birth |
|---------------------|---------------|

Authorized/Joint Applicant Name

| Social Security No. | Date of Birth |
|---------------------|---------------|

BEFORE SIGNING BELOW, I HAVE READ THE IMPORTANT
DISCLOSURES ON THE REVERSE SIDE. I AGREE TO BE BOUND BY
THE TERMS OF THE BARNEYS NEW YORK RETAIL INSTALLMENT
CREDIT AGREEMENT THAT WILL ACCOMPANY MY CREDIT CARD,
THE TERMS OF WHICH ARE INCORPORATED HERE BY REFERENCE.

| Applicant Signature | Date |
|---------------------|------|

| Joint / Auth. User Signature | Date |
|------------------------------|------|

| STORE |
|-------|
| SOURCE |
| REP |
| ACCOUNT # |

FM 5003 7/03

| ANNUAL PERCENTAGE RATE FOR PURCHASES | GRACE PERIOD FOR REPAYMENT OF THE BALANCE OF PURCHASES | METHOD FOR COMPUTING THE BALANCE FOR PURCHASES | MINIMUM FINANCE CHARGE | ANNUAL FEE |
|---|---|---|---|---|
| **21.0% Except 18% in HI,LA,MA,MN,SC; 18% to $500, 21.0% over $500 in NE; 6.5% in AR; 18% to $750; 21.1% over $750 in AL.** | 26 Days | Average Daily Balance (including new purchases), except in MN and NM: Average Daily Balance (excluding new purchases) | $.50 EXCEPT NONE IN AR, DC, HI, MD, NE AND NC | None |
| **Late Fee: Varies in amount from state to state.  There is no late fee in some states and it is $5 to $25 in others.** | | | | |

The information about the costs of the Barneys New York credit card described above in the application is accurate as of December 2004. This information may have changed after that date. To find out what may have changed, write to us at PO Box 326, Lyndhurst, NJ 07071-0326.

**STATE LAW REQUIRES US TO GIVE YOU THE FOLLOWING NOTICES.**

The applicant, if married, may apply for a separate account. After credit approval, each applicant shall have the right to use this account to the extent of any credit limit set by the creditor and each applicant may be liable for all amounts of credit extended under this Account to any joint applicant.

NOTICE FOR OHIO RESIDENTS: The Ohio laws against discrimination require that all creditors make credit equally available to all credit worthy customers, and that credit reporting agencies maintain separate credit histories on each individual upon request. The Ohio Civil Rights Commission administers compliance with this law.

You authorize us to request a consumer report from consumer reporting agencies in considering this application and for the purpose of establishing your credit limit guideline, an update, renewal or extension of credit or collecting your Account. Upon applicant's request, we will inform applicant of the name and address of each consumer-reporting agency from which we obtained a consumer report, if any, relating to applicant and/or co-applicant.